**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Jerry Kawon Stewart,

Plaintiff,

v.

Fox Corporation,

Defendant.

No. CV-26-07217-PHX-KML

**ORDER**

Plaintiff Jerry Kawon Stewart filed a complaint and an application for leave to proceed in forma pauperis. (Docs. 1, 2.) The application is granted but the complaint is dismissed without leave to amend. 28 U.S.C. § 1915(e)(2)(B)(ii).

Stewart alleges "his name and reputation were harmed by statements made or disseminated throughout broadcasts and online media." (Doc. 1 at 1.) Stewart alleges he heard "statements referring to him as an 'AID victim' during [a television news] broadcast" on October 17, 2025. (Doc. 1 at 1.) The statements were made by three television journalists (Christina Carilla, Kenzie Beach, and John Hook), and the statements are "part of a continuing pattern of harassment, intimidation, and damage to his reputation." (Doc. 1 at 1.) Stewart names "Fox Corporation" as the sole defendant and seeks $120 million in damages. (Doc. 1 at 2.)

This is not the first time Stewart has filed a lawsuit based on the statements allegedly made on October 17, 2025. On March 24, 2026, Stewart filed suit against "Fox 10 News," John Hook, and Christina Carilla. Doc. 1, CV-26-1994-PHX-DWL. After the original

complaint in that suit was dismissed, Stewart filed an amended complaint alleging he "was called [an] aid victim on Oct. 17, 25." Doc. 7 at 4, CV-26-1994-PHX-DWL. The court dismissed the amended complaint without leave to amend. The court explained the amended complaint appeared to be attempting to allege a defamation claim, but the complaint did not contain "any of the elements of a defamation claim." Doc. 8 at 2, CV-26-1994-PHX-DWL.

Stewart's previous suit was dismissed for failure to state a claim. Such a dismissal "is a judgment on the merits to which res judicata applies."[1] *Stewart v. U.S. Bancorp*, 297 F.3d 953, 957 (9th Cir. 2002) (simplified). And "[r]es judicata bars relitigation of all grounds of recovery that were asserted, or could have been asserted, in a previous action between the parties." *U.S. ex rel. Barajas v. Northrop Corp.*, 147 F.3d 905, 909 (9th Cir. 1998). The claims Stewart is attempting to bring in the present case either were asserted or could have been asserted in his previous suit. Therefore, this complaint is dismissed without leave to amend. *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998) (affirming in forma pauperis screening based on res judicata).

Even assuming the present suit was not barred by res judicata, Stewart has not alleged sufficient facts to support a claim for defamation. A defamation claim requires allegations that the defendant published a false statement that brought the plaintiff "into disrepute, contempt, or ridicule, or . . . impeach[ed] plaintiff's honesty, integrity, virtue, or reputation." *Rogers v. Mroz*, 502 P.3d 986, 988 (Ariz. 2022) (simplified). Stewart's conclusory allegations that he "was called [an] aid victim" are not sufficient to state a plausible defamation claim. It is not clear what it means to be an "aid victim," nor is it clear that, whatever it means, it was a false statement. Stewart has not stated a defamation claim.

/

/

/

---

[1] Both suits involve the same statements made by the same individuals on the same date. Although the named defendants differ, the defendant in the present suit would qualify as being in privity with defendants in the earlier suit. *See Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1053 (9th Cir. 2005) (explaining "privity" for res judicata).

Accordingly,

**IT IS ORDERED** the Application (Doc. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** the complaint (Doc. 1) is **DISMISSED WITHOUT LEAVE TO AMEND**. The Clerk of Court shall enter judgment in favor of defendant and close this case.

Dated this 8th day of October, 2026.

**Honorable Krissa M. Lanham**
**United States District Judge**